IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-295-1 |
| | ) | |
| DEXTRICK LAWTON | ) | |

## MEMORANDUM AND ORDER OF COURT

On November 28, 2012, a grand jury returned a one-count indictment against defendant Dextrick Lawton and co-defendants Veryl Long and Brandon Page charging them with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §846.

On December 4, 2013, Lawton appeared before the court with his appointed counsel, Michael E. Moser, to change his plea from not guilty to guilty to the one-count indictment. Prior to accepting Lawton's guilty plea, the court engaged in an extensive plea colloquy with him as required by Federal Rule of Criminal Procedure 11(b). The court accepted Lawton's guilty plea after being satisfied that he knowingly and voluntarily desired to enter a plea of guilty and concluding that there was an adequate factual basis for the plea.

Subsequently, on December 15, 2013, Attorney Moser filed a motion to withdraw as counsel for Lawton, claiming that their relationship was irretrievably broken. On December 16, 2013, the court received a pro se letter motion from Lawton asking that new counsel be appointed to represent him.

Following a hearing held on January 14, 2014, the court granted Attorney Moser's motion to withdraw as counsel, and Attorney Mark A. Sindler subsequently was appointed to represent Lawton.

On March 30, 2014, Attorney Sindler filed Lawton's Motion to Withdraw Guilty Plea and Brief in Support of Motion to Withdraw Guilty Plea (" defendant's Brief") (Document Nos. 159 and 160). Lawton contends that he should be permitted to withdraw his guilty plea not because he is actually innocent, but rather because of Attorney Moser's alleged "negligent representation" or ineffective assistance during the plea process. See defendant's Brief at 7. The government has responded to Lawton's motion, arguing that he should not be permitted to withdraw his guilty plea. See government's Response to Motion to Withdraw Guilty Plea (the "government's Response") (Document No. 175).

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, a defendant may withdraw a guilty plea after the court accepts the plea, but before the court imposes sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). "A district court must consider three factors when evaluating a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003). The burden of demonstrating a "fair and just" reason is on the defendant, and that burden is substantial. Id. As explained below, Lawton has not met the burden of demonstrating a fair and just reason for withdrawing his guilty plea, therefore his motion will be denied.

With respect to the first factor enumerated in Jones, "[b]ald assertions of innocence . . . are insufficient to permit a defendant to withdraw [his] guilty plea." United States v. Brown, 250 F.3d 811, 818 (3d Cir. 2001). "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." Id. Once a defendant has pleaded guilty, he "must then not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken

✎AO 72
(Rev. 8/82)

before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial." United States v. Jones, 979 F.2d 317, 318 (3d Cir. 1992), *superseded by statute on other grounds as stated in*, United States v. Roberson, 194 F.3d 408, 417 (3d Cir. 1999).

Here, Lawton has not asserted his innocence.[1] Rather, Lawton has critiqued Attorney Moser's representation by claiming that counsel failed to intervene during the plea colloquy when Lawton purportedly became distressed by the government counsel's summary of the factual basis for his guilty plea. Despite now characterizing Attorney Moser's representation as "negligently deficient," Lawton's current dissatisfaction with counsel's performance and advice is contradicted by his statements made under oath at the change of plea hearing. During the plea colloquy, Lawton affirmed that: (1) he appeared before the court knowingly and voluntarily to change his plea to guilty; (2) he was satisfied with his court-appointed counsel, Michael Moser; (3) he understood his constitutional rights; (4) he understood the charges against him and the potential penalties involved; (5) he confirmed that no threats or promises (other than the promises contained in the plea agreement) were made to induce him to plead guilty; (6) he understood the terms of the plea agreement and voluntarily signed the document after consulting with counsel; and (7) he acknowledged that the government's summary of the factual basis for his guilty plea was accurate as it pertained to him. See Transcript ("Tr.") of December 4, 2013, Change of Plea Hearing (Document No. 155), at 4-22. Moreover, Lawton repeatedly confirmed for the court that he desired to plead guilty, see id. at 10, 14, 20, 22, and the court accepted his plea after finding that Lawton's decision to plead guilty was knowing and voluntary, and that there was an adequate factual basis

---

1. Although Lawton has not asserted his innocence, he contends that he "has provided sufficient reasons for withdrawing his plea. A claim of innocence is part of this calculus." See defendant's Brief at 10. This vague reference to "[a] claim of innocence" underscores the fact that Lawton has not actually asserted that he is innocent.

AO 72
(Rev. 8/82)

for his plea. Id. at 22.

As to the second factor the court must consider, which is the strength of the defendant's reasons for seeking to withdraw his guilty plea, Lawton has failed to offer any persuasive reasons for allowing him to withdraw his plea. Here, again, Lawton claims that Attorney Moser's performance was deficient because he failed to "intervene more forcefully" after he purportedly became upset by the government counsel's summary of the factual basis for his guilty plea. See defendant's Brief at 7.

"A court will permit a defendant to withdraw a guilty plea based on ineffective assistance of counsel only if (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms, and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors." Jones, 336 F.3d at 253-54.

To the extent Lawton contends that he should be permitted to withdraw his guilty plea due to ineffective assistance of counsel, he has not pointed to any objective evidence to support such a claim. First, when questioned by the court at the change of plea hearing whether he was satisfied to have Attorney Moser represent him, Lawton unequivocally responded that he was satisfied with counsel. Tr. at 5. Despite his stated satisfaction with Attorney Moser's representation, Lawton now alleges that he became distressed with one aspect of the government's presentation of the factual basis for his plea, and criticizes Attorney Moser for not "interven[ing] more forcefully by questioning [his] capacity . . . to continue with the [plea] colloquy. . . ." See defendant's Brief at 7. Lawton's displeasure apparently stems from the government's description that low level members of the heroin conspiracy distributed heroin out of hotel rooms, id. at 4, although he agreed that the government's factual summary was accurate as it pertained to him. Tr. at 21-22.

Had Attorney Moser "intervened more forcefully" and terminated the plea hearing as

Lawton now claims he should have done, the government was prepared to file an Information pursuant to 21 U.S.C. §851 that would have increased the mandatory minimum term of imprisonment from ten years to twenty years. See government's Response at 2. In addition, the government contemplated filing a superseding indictment based on evidence that Lawton sold drugs to an individual who died because of a heroin overdose, which would have exposed Lawton to a mandatory term of life imprisonment if he was convicted. Id. Lawton has acknowledged he was aware of these possibilities at least as of the time a hearing was held on October 22, 2013, when the Assistant United States Attorney explained the government's position regarding these matters.[2] See defendant's Brief at 2-3.

Attorney Moser was able to negotiate a plea agreement for Lawton that included an agreed-upon 15-year sentence, saving Lawton from a possible mandatory term of 20 years and possibly up to life imprisonment. Had Attorney Moser terminated the plea hearing, the government likely would have filed the §851 Information or a superseding indictment, thereby substantially increasing the potential mandatory penalties Lawton could have faced. In light of this, Lawton has not shown that Attorney Moser's advice was under all the circumstances unreasonable under prevailing professional norms, nor has he shown that he has been prejudiced by Attorney Moser's handling of his case.

---

2. Lawton criticizes the fact that the government was unwilling to keep open the plea offer that was outstanding as of October 22, 2013, as well as what he characterizes as the government's threat to file a §851 Information or a superseding indictment. The indictment in this case was filed on November 28, 2012, and Lawton made his initial appearance and was arraigned in December, 2012. In the interim, Attorney Moser had obtained on Lawton's behalf numerous extensions of time to file pretrial motions, eventually filed pretrial motions, and obtained a partial preplea presentence report regarding Lawton's criminal history. In addition, Attorney Moser sought and obtained on Lawton's behalf a number of "windows" or "furloughs" from the conditions of his pretrial release so that he could attend a variety of picnics, parties and social events. After nearly 11 months passed since Lawton's indictment, the government was fully entitled to withdraw its plea offer and prosecute the case against him in the manner it deemed appropriate.

AO 72
(Rev. 8/82)

The third factor courts consider when evaluating a motion to withdraw a guilty plea is whether the government has demonstrated that it would be prejudiced by the withdrawal of a guilty plea. However, the government need not show prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea. United States v. Harris, 44 F.3d 1206, 1210 (3d Cir. 1995). As discussed, Lawton has failed to assert his innocence or provide a persuasive reason for withdrawing his plea, thus the government is not required to show prejudice. Nevertheless, we note that the government would be prejudiced if Lawton was permitted to withdraw his guilty plea. As the government has explained, this court previously sentenced several cooperating witnesses based on substantial assistance motions filed by the government on their behalf. See government's Response at 7. Accordingly, those witnesses may lack the incentive to continue cooperating with the government if Lawton is permitted to withdraw his guilty plea and proceed to trial.

After consideration of the factors relevant to evaluating a motion to withdraw a guilty plea, the court concludes that Lawton has failed to sustain the substantial burden of showing a fair and just reason for withdrawing his plea of guilty as required by Federal Rule of Criminal Procedure 11(d)(2)(B). Accordingly, Lawton's motion to withdraw his guilty plea will be denied.

An appropriate order will follow.

<u>O R D E R</u>

AND NOW, this _29_ day of April, 2014, for the reasons set forth in the Memorandum above, IT IS ORDERED that defendant's Motion to Withdraw Guilty Plea (Document No. 159) be, and the same hereby, is denied.

Gustave Diamond
United States District Judge

cc:    Brendan T. Conway
Assistant U.S. Attorney

Mark A. Sindler, Esq.
310 Grant Street
Suite 2330, Grant Building
Pittsburgh, PA 15219