IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>DEXTRICK LAWTON, )<br>)<br>Defendant. ) | Criminal No. 12-295-1 |

O R D E R

AND NOW, this 31st day of October, 2024, upon consideration of Defendant Dextrick Lawton's Expedited Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 363), filed in the above-captioned matter on February 2, 2024, and in further consideration of the Government's response thereto (Doc. No. 367), filed on February 7, 2024, and Defendant's reply (Doc. No. 369), filed on February 26, 2024,

IT IS HEREBY ORDERED that said Motion is DENIED.

I.      **Background**

This is Defendant's second motion for a reduction in his sentence pursuant to 18 U.S.C § 3582(c)(2).  In his previous motion (Doc. No. 314), Defendant asserted that he was entitled to reduction pursuant to Amendment 782 of the Sentencing Guidelines, effective November 1, 2014, which retroactively lowered the quantity totals needed to find the base offense level for most drug offenses under USSG §§ 2D1.1 and 2D1.11.  This motion was denied on April 21, 2020, by the Honorable Alan Bloch.  (Doc. No. 326).

In his Order, Judge Bloch set forth the procedural history of this case, which had originally been before the Honorable Gustave Diamond.  He explained that Defendant had pled

guilty to conspiracy to distribute and possess with intent to distribute heroin pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement containing an agreed-upon sentence of imprisonment of 15 years. Defendant accepted this deal[1] after the Government indicated that, if he did not accept it, it would withdraw the offer and instead file an information pursuant to 21 U.S.C § 851 indicating that Defendant had a prior predicate drug conviction. The Government also expressed that it would consider filing a superseding indictment charging that the drug-trafficking conspiracy for which Defendant was charged resulted in the death of Brian Smith. As Judge Bloch discussed in his April 21, 2020 Order, either enhancement would have subjected Defendant to a mandatory minimum sentence of 20 years, significantly above the 15-year agreed-upon sentence. If both applied, Defendant would have faced a mandatory sentence of life imprisonment.

Judge Bloch therefore found that this agreed-upon sentence was part of a deal that eliminated the substantial risk that Defendant's mandatory minimum could have been increased based on his prior drug-trafficking conviction and that he would face life imprisonment if the Government superseded the indictment to charge that the heroin at issue had resulted in the death of Mr. Smith. He concluded that it was these numbers – a 10-year mandatory minimum without enhancements and a 20-year or life mandatory minimum with enhancements – that led to the stipulated sentence of 15 years. He further found that the 18 U.S.C. § 3553(a) factors raised by Defendant did not compel a different result and that those factors supported a sentence consistent with the one to which the parties had agreed.

Plaintiff has now brought a second motion pursuant to Section 3582(c)(2), this time claiming that a sentence reduction is warranted by Amendment 821, effective November 1, 2023,

---

[1] Although, as discussed herein, Defendant subsequently attempted several times to withdraw and/or challenge his guilty plea, all of which were denied.

which retroactively changed the manner in which "status points" are considered in determining a criminal defendant's criminal history category under the Sentencing Guidelines. Defendant – correctly – posits that this change, if applied, would reduce his criminal history category from III to II and his guideline sentencing range from 151-188 to 120-135 months' imprisonment. Like Judge Bloch in regard to Defendant's prior motion, this Court finds that Defendant is eligible for such a reduction, but that such is not warranted under the facts of this case.

## II.     Procedural History

Although both Judge Diamond and Judge Bloch have summarized the procedural history of this case several times in adjudicating Defendant's various motions, this Court will also do so again here, as it is important to understand that it is within this context that it makes its findings. Defendant was indicted on November 28, 2012 for conspiracy to possess with intent to distribute and/or distribute heroin, in violation of 21 U.S.C. § 846. Defendant initially pled not guilty, and the parties began plea negotiations. On or around September 13, 2013, a formal written plea offer was presented by the Government to Defendant's counsel at the time, Mark Moser. As part of the plea offer, the Government would agree not to file an information pursuant to 21 U.S.C. § 851 indicating that Defendant had a prior controlled substance offense as a basis for increased punishment. The parties would stipulate that the type and quantity of controlled substance attributable to Defendant for purposes of Section 2D1.1 of the Sentencing Guidelines was 1 to 3 kilograms of heroin. The parties would further agree that the appropriate sentence in this case was a term of imprisonment of 15 years, to be followed by a term of supervised release of 5 years, no fine, and a special assessment of $100.00. Pursuant to Rule 11(c)(1)(C), Defendant would retain the right to withdraw his guilty plea if the Court did not accept the agreed-upon sentence.

On October 22, 2013, while the plea offer was still pending, Judge Diamond held a hearing at Defendant's request to determine whether new counsel should be appointed based on Defendant's claim that he was dissatisfied with Mr. Moser's representation. At this hearing, Judge Diamond preliminarily determined to allow Mr. Moser to withdraw as counsel and to appoint a new attorney to represent Defendant. However, Government counsel subsequently appeared at the hearing and indicated that the Government would see a change in counsel as a delay tactic, would withdraw the pending plea offer, and would consider bringing additional charges against Defendant. Specifically, Government counsel indicated that he would consider filing a notice pursuant to Section 851 that Defendant had a prior felony drug offense that would increase Defendant's mandatory minimum sentence from 10 years to 20 years,[2] which was in excess of the proposed sentence in the plea offer. Further, Government counsel explained that he would consider filing a superseding indictment alleging that the heroin involved in the conspiracy had caused the death of Brian Smith. Such an allegation, if proven, would have subjected Defendant to a mandatory sentence of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A).[3]

Based on this substantial increase to his criminal liability, Defendant discussed with Mr. Moser whether to continue with new counsel and risk losing the plea offer and to face the new charges, or whether to keep Mr. Moser as counsel and accept the offer. Defendant eventually

---

[2] While, since the passage of the First Step Act of 2018, a single prior conviction will result in a mandatory minimum sentence of 15 years pursuant to 21 U.S.C. § 841(b)(1)(A), in October of 2013, such a prior conviction mandated a minimum sentence of 20 years.

[3] The mandatory life sentence would have been in conjunction with the evidence of a prior felony drug offense. However, even in the absence of such a prior conviction, the mandatory minimum sentence of imprisonment, if the death of Mr. Smith resulted from the use of heroin attributable to Defendant, would have been 20 years. *See* 21 U.S.C. § 841(b)(1)(A).

decided to keep Mr. Moser as counsel, to accept the plea offer, and to plead guilty to the charge in the indictment. The Court scheduled a change of plea hearing, and on December 4, 2013, Defendant indicated that he wished to accept the plea offer and change his plea to guilty; therefore, Judge Diamond proceeded to conduct a Rule 11 colloquy. During the part of the colloquy when Government counsel summarized the evidence against Defendant, Defendant became upset and declined to agree to the accuracy of the summary. However, after consulting with counsel, Defendant elected to continue, and the Court entered a plea of guilty. A sentencing hearing was scheduled for April 9, 2014.

After the plea proceeding, Mr. Moser asked to withdraw and have new counsel appointed to represent Defendant, and Defendant renewed his request for the same. After a January 14, 2014 hearing, Judge Diamond granted the request and appointed Mark Sindler to represent Defendant during the sentencing process. Mr. Sindler, on March 30, 2014, filed on Defendant's behalf a Motion to Withdraw Guilty Plea and brief in support thereof, arguing that the plea entered by Defendant on December 4, 2013, had not been knowing and voluntary because of the ineffectiveness of Defendant's prior counsel. On April 29, 2014, Judge Diamond denied this motion. After a short continuance, the sentencing hearing was held on May 21, 2014, at which time Judge Diamond again declined to allow Defendant to withdraw his plea of guilty. The Court adopted its tentative findings that, based on Defendant's criminal history category of III and an offense level of 32, the recommended sentencing range, pursuant to the Sentencing Guidelines, was 151 to 188 months' imprisonment. The Court proceeded to impose the sentence to which the parties had agreed, *i.e.*, 180 months' imprisonment to be followed by 5 years' supervised release. Although this sentence was within the recommended guideline sentencing range, Judge Diamond noted that the guidelines were not controlling.

After obtaining new counsel, Maria Pulzetti, Defendant subsequently appealed and challenged his conviction and sentence on a number of grounds, including that his guilty plea was not knowing and voluntary. On January 11, 2016, the Third Circuit Court of Appeals dismissed Defendant's appeal based on the waiver of his right to appeal his conviction or sentence contained in the plea agreement. On August 15, 2016, Defendant, acting *pro se*, filed a motion pursuant to 28 U.S.C. § 2255, primarily raising allegations that his various attorneys were ineffective in connection with his plea agreement and sentence. After Judge Bloch denied Defendant's Section 2255 motion, he appealed, but the Third Circuit affirmed. Defendant then, through counsel, sought his first reduction in his sentence pursuant to 18 U.S.C § 3582(c)(2), which Judge Bloch denied per his April 21, 2020 Order. Defendant has now, again though counsel, sought another reduction in sentence pursuant to Section 3582(c)(2).

### III. Discussion

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

Pursuant to this statute, the Court must engage in a two-step inquiry. First, it must determine whether a reduction in sentence is consistent with any applicable policy statements issued by the Sentencing Commission, *i.e.*, USSG § 1B1.10. Second, if it is consistent, the Court must decide whether the authorized reduction is warranted, in whole or in part, by the factors set forth in 18 U.S.C. § 3553(a). *See Dillon v. United States*, 560 U.S. 817, 826 (2010).

As Judge Bloch discussed in regard to Defendant's prior Section 3582(c)(2) motion, the fact that Defendant entered into a Rule 11(c)(1)(C) plea agreement with a stipulated sentence does not preclude a finding that his term of imprisonment is "based on" a guideline sentencing range. Pursuant to the United States Supreme Court's decision in *Hughes v. United States*, 584 U.S. 675 (2018), which overturned previous Third Circuit law, this Court also agrees with the parties that Defendant is eligible for relief under Section 3582(c)(2), this time pursuant to Amendment 821. However, this Court emphasizes that what was at stake in *Hughes* was "a defendant's eligibility for relief, not the extent of that relief." 584 U.S. at 689. The majority in that case made it clear that "[t]he district court can consider the benefits the defendant gained by entering a Type-C agreement when it decides whether a reduction is appropriate (or when it determines the extent of any reduction), 'for the statute permits but does not require the court to reduce a sentence.'" *Id.* (quoting *Freeman v. United States*, 564 U.S. 522, 532 (2011)). Despite Defendant's eligibility for relief, this Court also finds that the benefits he received by entering into the agreed-upon sentence in this case, as well as the Section 3553(a) factors in general, demonstrate that no reduction is appropriate.

As noted, Defendant asserts that he is eligible for a Section 3582(c)(2) sentencing reduction pursuant to Amendment 821 of the Sentencing Guidelines, which retroactively changed the manner in which "status points" are considered in determining a criminal defendant's criminal history category under the Sentencing Guidelines. Such a change, applied to his case, would reduce Defendant's criminal history category from III to II and his guideline sentencing range from 151-188 to 120-135 months, based on an offense level of 30.[4] As

---

[4]   In Defendant's initial brief in support of his sentencing reduction, he asserts that the applicable offense level is 32, while in his reply brief, he asserts that the applicable offense level is 30. In addition to Amendment 821, prior Amendment 782 also applies here, and thus,

7

Defendant accurately points out, his sentence of imprisonment of 180 months exceeds the top of this new range. However, as with his previous motion, the benefits Defendant received by entering into the agreed-upon sentence demonstrate that no reduction is appropriate.

    As Judge Bloch has stated before, and as this Court also agrees, the sentence in this case was "based on" the guidelines in a technical sense, and Judge Diamond did note in the Statement of Reasons that the sentence he had imposed was within the recommended guideline sentencing range. However, as Judge Bloch found, and as this Court now finds, the actual calculation of Defendant's sentence was clearly based primarily on factors other than the guideline sentencing range. As discussed above, at a hearing where Judge Diamond was considering Defendant's request for a change of counsel, the Government indicated that if Defendant pursued his request for new counsel, it would withdraw the plea proposal, which included the 15-year stipulated sentence of imprisonment, and would instead file an information pursuant to Section 851 indicating that Defendant had a prior predicate drug conviction. It also indicated that it would consider filing a superseding indictment charging that the drug-trafficking conspiracy of which Defendant was a member resulted in the death of Brian Smith. **Either** a Section 851 enhancement **or** an enhancement for a resulting death under Section 841(b)(1)(A) would have subjected Defendant to a mandatory minimum sentence of 20 years at the time, significantly above the 15-year agreed-upon sentence. If both applied, Defendant would have faced a mandatory sentence of life imprisonment. The agreed-upon sentence, therefore, was part of a deal that eliminated the almost certain risk that Defendant's mandatory minimum could have been increased based on his prior drug-trafficking conviction and the very real risk that he would

---

Defendant's offense level is 30. *See* USSG §§ 2D1.1(a)(5), (c)(5); 2D1.11. Considering a criminal history category of II and an offense level of 30, the recommended guideline range of imprisonment is 120-135 months after accounting for the ten-year statutory mandatory minimum sentence.

face life imprisonment if the Government superseded the indictment and charged that the heroin at issue had resulted in the death of Mr. Smith.

The record shows that these numbers – a 10-year mandatory minimum without enhancements versus a 20-year or life mandatory minimum with enhancements – drove the stipulation to a sentence of 15 years to split the difference between the two. While the 180-month sentence was, in fact, within the recommended guideline range applicable at the time, that range was never discussed in connection with the formulation of the stipulated sentence. Indeed, the 15-year sentence was recommended before a guideline range had been calculated. Other than to note that the guideline range was not binding on the Court, Judge Diamond did not discuss the Sentencing Guidelines at Defendant's sentencing hearing. It is noteworthy that when it appeared plea negotiations may be delayed, the Government did not threaten to attempt to attribute more heroin to Defendant; rather, as discussed, it proposed to file an 851 information and/or superseding indictment. This shows that it was not the quantity of heroin, which may have affected Plaintiff's guideline sentencing range, that prompted the plea agreement. It was the balance and compromise between the mandatory minimum sentence without enhancement and the mandatory minimum sentence had the Government filed the proposed information or superseding indictment. This mandatory minimum exposure primarily influenced the agreed-upon sentence in this case. Defendant benefited immensely from the plea agreement; he eliminated the risk of a far greater sentence.

In his reply, Defendant raises several new arguments disputing this finding. He argues, for instance, that the record is void of evidence that would establish any criminal liability on his behalf in regard to the death of Brian Smith. What this argument overlooks, however, is that it was the agreement of the parties that prevented this from becoming an issue and that alleviated

9

the need for any such evidence. Moreover, Defendant's argument under *United States v. Baylin*, 696 F.2d 1030 (3d Cir. 1982), notwithstanding, Judge Diamond did not infer any guilt from the Government's threat to file a superseding indictment; he merely imposed the sentence to which the parties agreed. It was in significant part the potential of such a superseding indictment with the risk of its attendant increased mandatory minimum sentence that led to the agreed-upon sentence of 15 years' imprisonment.

Defendant also points out that, after passage of the First Step Act in 2018, it is not clear that Defendant had any prior convictions that would have supported a Section 851 enhancement. Again, though, that is not really what is at issue. What does matter is that, at the time of his plea and sentencing, Defendant was very much exposed to an increased mandatory minimum sentence pursuant to Section 851. Thus, if convicted with such an enhancement, he would be serving a 20-year mandatory minimum term of imprisonment. As discussed above, as well as in Judge Bloch's Order, the agreed-upon sentence split the difference between the 10-year mandatory minimum sentence of imprisonment and the risk of a 20-year mandatory minimum that would have applied under Section 851. The agreement also prevented any risk of a mandatory sentence of life imprisonment based on the death of Brian Smith. This Court, therefore, finds that Defendant's decision to enter into the Rule 11(c)(1)(C) plea agreement containing an agreed-upon sentence of imprisonment of 15 years was based not on any existing or any yet-to-be-amended guideline sentencing range, but was driven by consideration of the various possibilities and risks presented should Defendant have chosen to go to trial. The agreed-upon sentence provided Defendant with substantial benefit, given the risk of potential penal consequences he faced at the time.

The Section 3553(a) factors support this result. Defendant was relatively young when convicted, but no younger than many criminal defendants, and his criminal history was fairly substantial for a person his age. Likewise, Defendant's family situation and progress toward rehabilitation while incarcerated are in line with that of many criminal defendants convicted of similar crimes. Although the amended guideline range would now place Defendant's Rule 11(c)(1)(C) sentence in the category of an upward variance, the Section 3553(a) factors still support the reasonableness and propriety of the sentence imposed by Judge Diamond. As Judge Bloch previously discussed, and as this Court presently agrees, the criminal conduct in this case, which involved an extensive heroin conspiracy, was very serious. Further, despite his age, Defendant was found to have played a leadership role within that conspiracy.

Moreover, as the Government points out, Defendant's prison conduct since Judge Bloch denied his previous motion further weighs against any reduction in his sentence. During that time, Defendant has been disciplined by prison authorities on numerous occasions, including for incidents involving possession of weapons, narcotics, and other contraband and fighting with other inmates. Such conduct demonstrates the continued need for deterrence and protection of the public and only reinforces that a reduction in Defendant's agreed-upon sentence is unwarranted.

This Court finds, therefore, that the 3553(a) factors provide for a sentence consistent with the one to which the parties agreed. "If the district court concludes that it would have imposed the same sentence even if the defendant had been subject to the lower range, then the court retains discretion to deny relief." *Hughes*, 584 U.S. at 690. This Court does so find that the Rule 11(c)(1)(C) sentence imposed is one which this Court would have imposed even if Defendant's recommended guideline range was lower at the time of sentencing. The sentence of 15 years was and is a sentence, even considering the present guideline range of 120-135 months

and all Section 3553(a) factors, that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing in this case.

## IV. Conclusion

Accordingly, the Court finds that although Defendant is eligible for a sentencing reduction under Section 3582(c)(2), no such reduction is warranted. His motion is therefore denied.

_____
United States District Judge

ecf: Counsel of record