IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 12-295 |
| | ) |
| DEXTRICK LAWTON | ) |

**Memorandum Order**

Presently before the Court is Dextrick Lawton's Motion for Order Regarding Reduction in Criminal History Points. ECF No. 377. Mr. Lawton requests that the Court enter an order recognizing a reduction of his criminal history points. Mr. Lawton has filed the present Motion so that he would be able to present a lower criminal history score to the Bureau of Prisons in order to seek a potential security reclassification. The BOP relies on an inmate's criminal history score "when assessing an inmate's Pattern Risk Score, which is used to determine eligibility for First Step Act earned time credit, programming, custody classification or level, and placement." Def. Mot. at ¶ 9.

  **I.**  **Amendment 821 Retroactive Sentence Reduction**

Section 3582(c)(2) of Title 18 allows a court to reduce a term of imprisonment where the defendant's original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 821 to the United States Sentencing Guidelines amended § 4A1.1(e), and it created § 4C1.1, which benefits qualifying defendants, either through a lower criminal history score (§ 4A1.1(e)) or through a lower offense level (§ 4C1.1). Amendment 821 has been made retroactive to offenders whose guideline

1

sentencing range has been lowered pursuant to Amendment 821 and who are currently serving a term of imprisonment. Court's follow a two-step inquiry in applying Amendment 821. First, the court determines whether the defendant is eligible for a sentence reduction, and if so, calculate the amended guideline range. Then, the court considers the applicable § 3553(a) factors to determine whether a reduction is warranted.

In addressing Mr. Lawton's prior February 2, 2025 Motion for Sentence Reduction, this Court determined that Mr. Lawton is eligible for a two-point reduction in his criminal history points under Amendment 821. Order, Oct. 31, 2024, ECF No. 371. The two-point reduction is due to Amendment 821's revision as to how "status" points are calculated for defendants. Thus, under Amendment 821, Mr. Lawton's originally calculated criminal history point level of five is reduced to three. Mr. Lawton's originally calculated criminal category is III. A criminal history score of three equates to a criminal history category of II. Therefore, at step one, the Mr. Lawton's guideline range would be lowered, and he would be eligible for a reduction. However, after consideration of the § 3553(a) factors at step two the Court declined to reduce his sentence, finding that a reduction was not warranted.

## II.     Expunged Conviction

Mr. Lawton also claims that he would no longer receive one criminal history point for his prior state court conviction for possession of drug paraphernalia in the Indiana County Court of Common Pleas at CP-32-CR-0000809-2010. Mr. Lawton has provided evidence to support that said prior conviction was expunged as the result of a November 25, 2024 Order. Def. Ex. A., ECF No. 378-2. The Court takes judicial notice of the Expungement Order at docket CP-32-CR-0000809-2010 in Mr. Lawton's Indiana County criminal case, as a matter of public record. *Levins v.*

*Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 279 (3d Cir. 2018), *In re Asbestos Prods. Liab .Litig. (No. VI)*, 822 F.3d 125, 133 n. 7 (3d Cir. 2016). If his criminal history score were to be calculated today, with a two-point reduction under Amendment 821 and a one-point reduction due to the expungement of the Indiana County conviction, Mr. Lawton would have two criminal history points, instead of the five points as originally calculated. This reduction in his criminal history score would result in a criminal history category of II, instead of III.

### III.  Discussion

In the present Motion, as noted, Mr. Lawton is not seeking a reduction in his sentence. Instead, he requests that the Court enter an Order stating that, pursuant to the Indiana County Expungement Order and Amendment 821, his criminal history score would be reduced by three points, to two points, and his criminal history category would be reduced to II. The government does not challenge the Expungement Order or the application of Amendment 821 regarding status points.

The government argues that this Court lacks jurisdiction to grant Mr. Lawton's request for an Order regarding his reduced criminal history points.[1] In response, Mr. Lawton argues that the Court does have the power to grant his requested relief.[2] Mr. Lawton also argues, in part, that this Court has the power to provide the requested relief, because Mr. Lawton is not seeking a sentence modification, he is only seeking recognition of his criminal history score, if calculated under present

---

[1] Citing *United States v. Glenmore*, No. 23-cr-12, ECF 55, at 3-4 (D.D.C. Jan. 28, 2025); *United States v. DeJournett*, No. 5:13-CR-513-1, 2024 WL 1580102, at *3 (N.D. Ohio Apr. 11, 2024); *United States v. Bueno-Beltran*, No. CR 15-189-1 (RAM), 2024 WL 3633641, at *1 (D.P.R. Aug. 2, 2024); *United States v. Nesbitt*, No. 17-cr-97, 2024 WL 2303809 (E.D. Ky. May 21, 2024); *United States v. Ladd*, No. 21-cr-789, 2024 WL 3647609 (N.D. Ohio Aug. 5, 2024).

[2] Citing *United States v. Thomas*, No. CR 1-00058 (KSH), 2025 WL 2383613, at *4 (D.N.J. Aug. 18, 2025); *United States v. Bean*, 759 F. Supp. 3d 306, 313 (D.N.H. 2024). *See also United States v. Freeman*, No. CR-10-165-R, 2023 WL 9661326, at *1 (W.D. Okla. Dec. 5, 2023).

3

circumstances. Def. Reply at 2-3. The fact that he is not seeking a sentence modification is significant, he argues, because "'a defendant's criminal history score or category form no part of the defendant's sentence. . . . [and] do not form part of the judgment.'" *Id.* (quoting *Bean*, 759 F. Supp. 3d at 311). Mr. Lawton concludes that, "recognizing a reduction in a criminal history points does not 'modify' a sentence," and therefore the Court does have the power to grant the requested relief. *Id.*; s*ee also United States v. Freeman*, No. CR-10-165-R, 2023 WL 9661326, at *1 (W.D. Okla. Dec. 5, 2023) (Court finds that Defendant's criminal history points after Amendment 821 have been reduced from seven to five, but declines to formally amend the PSR).

Generally, a court may correct or modify a sentence only under certain limited circumstances. Under Federal Rule of Criminal Procedure 35(a), a court "may correct a sentence that resulted from arithmetical, technical, or other clear error," within fourteen days after imposition of the sentence. Fed. R. Crim. Proc 35(a). A Court may also reduce a sentence based upon a post-judgment government motion for substantial assistance. Fed. R. Crim. Proc 35(b). A court may reconsider a modification of sentence when a timely filed motion is brought pursuant to 28 U.S.C. § 2255. Finally, 18 U.S.C. § 3582(c) provides for very specific and limited circumstances under which a court may modify a sentence after it has been imposed. In this case, § 3582(c) provides the statutory language upon which a defendant may seek a sentence reduction pursuant to Amendment 821.

As pointed out by Mr. Lawton, he does not seek a sentence reduction. As a result of the Motion not being a true motion pursuant to § 3582(c), the Court considers it as a post-conviction motion for miscellaneous relief, with the relief sought as an Order regarding a reduction in criminal history points. The Court has reviewed the applicable case law cited by the parties, Rule 35, and §

3582(c). The Court concludes that it does not have the power to order the Probation Office to modify the criminal history portion of Mr. Lawton's presentence report. Nor does the Court have the power to enter an Order stating that Mr. Lawton's criminal history score and category have been reduced as the result of Amendment 821 and the expungement of his prior conviction. Such acts appear, to this Court, to be beyond the Court's power and jurisdiction and would potentially qualify as an advisory order. With respect to Mr. Lawton's argument that the Court has the power to grant the requested relief, because he is not seeking a sentence modification, such reasoning does not equate to a legally grounded jurisdictional grant of authority to this Court. Therefore, the Court declines to adopt such reasoning. As the government suggests in its Response, Mr. Lawton may provide the BOP with the information he has provided to this Court in order to seek security reclassification from the BOP.

## IV.  Conclusion

The Court finds that it does not have the power to grant Mr. Lawton's requested relief. Accordingly, the Motion requesting an Order regarding Mr. Lawton's reduction in criminal history points will be denied.

An appropriate Order follows.

## ORDER

AND NOW, this 27 day of February 2026, it is hereby ORDERED that Dextrick Lawton's Motion for Order Regarding Reduction in Criminal History Points, ECF No. 377, is denied.

  s/*Marilyn J. Horan*  
Marilyn J. Horan  
United States District Judge
